tiff this property, by her will, in consideration of the performance of services as a nurse and attendant during her last illness. The defendant's first separate defense admits certain allegations of the complaint, and "as to each and every other allegation of the complaint the defendant denies that he has any knowledge or information sufficient to form a belief." The plaintiff moved for an order of the court to compel the defendant to make this defense definite and certain, and, this motion having been denied, appeal is made to this court.

We are clearly of the opinion that the order appealed from should not be disturbed. The answer is sufficiently definite and certain to raise an issue. It admits certain facts and puts in a general denial as to the remainder, and this is all that the Code of Civil Procedure requires. Whether the denial of information and belief is sufficient is a question of law to be determined upon the trial, but is not properly to be tested by a motion to make definite and certain. "The law does not allow of a captious and strained intendment, for such nice pretense of certainty confounds true and legal certainty" (Broom's Legal Maxims [8th Ed.] 187), and so it has been held that a pleading is not objectionable as ambiguous or obscure if it be certain to a common intent; that is, if it be clear enough according to reasonable intendment or construction, though not worded with absolute precision (Stephen on Pleadings [6th Ed.] 312). Here the pleading follows the common form and puts in issue the matters not denied, and there can be no question of its reasonable certainty.

The order appealed from should be affirmed, with costs. All concur.

---

### In re HEARNS et al.

(Supreme Court, Appellate Division, Second Department. May 1, 1914.)

1. PARTNERSHIP (§ 67*)—FIRM PROPERTY—STOCK EXCHANGE SEAT.

A seat in a stock exchange purchased with firm funds, and so carried on the firm books, was partnership property, though standing in the name of one of the partners.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 95–100; Dec. Dig. § 67.*]

2. EXECUTORS AND ADMINISTRATORS (§ 44*)—PARTNERSHIP—FIRM PROPERTY—PROVISIONS OF WILL—EFFECT.

A provision in the will of a partner to sell and dispose of a seat in a stock exchange, standing in the testator's name but owned by the firm of which he was a member, was merely a direction to facilitate liquidation by the surviving partner and did not change the equitable title.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 295; Dec. Dig. § 44.*]

3. EXECUTORS AND ADMINISTRATORS (§ 44*)—PARTNERSHIP—DISSOLUTION AND ACCOUNTING—JURISDICTION OF SURROGATE.

The disposition of a stock exchange seat owned by a partnership but standing in the name of a deceased partner, and the value to be realized therefrom, were part of the general liquidation of the firm assets and liabilities not within the surrogate's jurisdiction.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 295; Dec. Dig. § 44.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. EXECUTORS AND ADMINISTRATORS (§ 469*)—PARTNERSHIP—DISSOLUTION AND ACCOUNTING—JURISDICTION OF SURROGATE.

In a proceeding for the judicial settlement of executors' accounts, a reference by them in their account to unliquidated assets of a partnership, including a stock exchange seat, did not submit the firm liquidation to the surrogate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2000–2009, 2012, 2013; Dec. Dig. § 469.*]

Appeal from Surrogate's Court, Kings County.

Proceeding for the judicial settlement of the account of Joseph J. Hearns and another, as executors of Stewart Barr, deceased. From the decree, the executors, individually and as such executors, and another, appeal. Reversed in part.

Argued before JENKS, P. J., and CARR, RICH, STAPLETON, and PUTNAM, JJ.

William H. Harris, of New York City, for executors.
Alexander S. Bacon, of New York City, for objector.

PER CURIAM. [1–4] Decree of the surrogate of Kings county reversed in so far as it purports to deal with the membership in the New York Stock Exchange, with costs to appellants, payable out of the estate. Though standing in the testator's name, this membership, having been purchased with firm funds, and so carried on the firm books, was copartnership property. The testamentary provision to sell and dispose of this seat was merely a direction to facilitate liquidation by the surviving partner, and did not change the equitable title. Hence the disposition of the seat, and the value to be realized therefrom, are part of the general liquidation of the firm assets and liabilities, which are not within the jurisdiction of the Surrogate. The reference by the executors in this proceeding to unliquidated assets of the copartnership contained in Schedule F, wherein this membership is enumerated, did not submit to the surrogate the firm liquidation. This modification, however, is without prejudice to any suit against the surviving partner for a firm accounting or otherwise.